# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:21–cv–00643–TJK

OKEREKE v. ALLIED UNIVERSAL SECURITY INCORPORATION et al  
Assigned to: Judge Timothy J. Kelly  
Cause: 42:2000e Job Discrimination (Employment)  

Date Filed: 03/09/2021  
Jury Demand: None  
Nature of Suit: 442 Civil Rights: Jobs  
Jurisdiction: Federal Question  

**Plaintiff**

**PRECIOUS OKEREKE**     represented by    **PRECIOUS OKEREKE**  
P.O. Box 171121  
Boston, MA 02117  
PRO SE  

V.

**Defendant**

**ALLIED UNIVERSAL SECURITY INCORPORATION**

**Defendant**

**PAUL PARENT**  
*In Individual Capacity*

**Defendant**

**NEW ENGLAND BAPTIST HOSPITAL**

**Defendant**

**UNKNOWN NURSE**  
*In Individual Capacity*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/09/2021 | ï | **Initiating Pleading & IFP Application Received on 3/9/2021.** A copy of the docket sheet has been mailed to the address of record for the pro se party. (adh, ) (Entered: 03/11/2021) |
| 03/09/2021 | ï1 | COMPLAINT against ALLIED UNIVERSAL SECURITY INCORPORATION, NEW ENGLAND BAPTIST HOSPITAL, PAUL PARENT, UNKNOWN NURSE filed by PRECIOUS OKEREKE. (Attachments: # 1 Civil Cover Sheet, # 2 Summons)(adh, ) (Entered: 03/11/2021) |
| 03/09/2021 | ï2 | MOTION for Leave to Proceed in forma pauperis by PRECIOUS OKEREKE. (adh, ) (Entered: 03/11/2021) |
| 03/11/2021 | ï3 | ORDER denying 2 Motion for Leave to Proceed in forma pauperis Signed by Judge Amit P. Mehta on 3/11/2021. (adh, ) (Entered: 03/12/2021) |
| 11/18/2021 | ï4 | ORDER DISMISSING PRO SE CASE WITHOUT PREJUDICE. This is a final appealable Order. Pro Se party has been notified by first class mail. Signed by Judge Colleen Kollar–Kotelly on |

| | | |
|---|---|---|
| | | 11/18/2021. (rj) (Entered: 11/29/2021) |
| 12/17/2021 | Ï | Filing fee received: $402.00, receipt number: 201242. (znmg) (Entered: 01/05/2022) |
| 01/25/2022 | Ï 5 | MOTION for Reconsideration re: 4 Order Dismissing Pro Se Case by PRECIOUS OKEREKE. "Leave to file GRANTED. The Clerk of Court is hereby directed to docket the submission as a Motion for Reconsideration." Signed by Judge Chutkan on 01/25/2022. (znmg) (Entered: 02/01/2022) |
| 02/01/2022 | Ï | MINUTE ORDER: Plaintiff filed a pro se 1 complaint and 2 application for leave to proceed IFP on March 9, 2021. On March 11, 2021, the court entered an 3 order, denying plaintiff's 2 IFP application and providing her with 30 days to submit the applicable $402 filing fee. Plaintiff failed to submit the fee, and on November 18, the court entered an 4 order dismissing the case without prejudice. Plaintiff has now filed a 5 motion for reconsideration to reopen the case and has concomitantly submitted the full $402 filing fee. Therefore, the court will grant the 5 motion for reconsideration, but only as to the request to reopen this matter. The Clerk of Court is directed to randomly assign this action to a Judge for further proceedings. SO ORDERED. Signed by Judge Tanya S. Chutkan on 2/1/2022. (psu3) (Entered: 02/01/2022) |
| 02/01/2022 | Ï | Case Assigned to Judge Timothy J. Kelly. Unassigned is no longer assigned to the case. (znmg) (Entered: 02/03/2022) |
| 02/08/2022 | Ï | MINUTE ORDER: Before the Court is Plaintiff's *pro se* 1 Complaint, in which she alleges that a former employer discriminated against her when it terminated her employment. *See* ECF 1 at 3−5. Plaintiff lives in Boston, Massachusetts and states that all four Defendants reside in Boston as well. Plaintiff does not allege that any of the relevant events occurred in Washington, D.C. Assuming Plaintiff brings her claim under Title VII, venue is proper where (1) the alleged wrongdoing occurred; (2) the relevant employment records are held; or (3) the plaintiff would have worked but for the alleged discrimination. *See* 42 U.S.C. § 2000e−5(f)(3). Otherwise, venue is generally proper for a civil action brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Either way, the Court determines that venue is improper in this district because this case has no alleged connection to Washington, D.C. A district court presiding over "a case laying venue in the wrong division or district" may "in the interest of justice" transfer the case to any district "in which it could have been brought." 28 U.S.C. § 1406(a). Transfers are generally favored over dismissals "to preserv[e] a petitioner's ability to obtain review." *Nat'l Wildlife Fed'n v. Browner*, 237 F.3d 670, 674 (D.C. Cir. 2001). This is especially true in pro se cases. *See James v. Verizon Servs. Corp.*, 639 F. Supp. 2d 9, 15 (D.D.C. 2009). Accordingly, in the Court's discretion pursuant to 28 U.S.C. § 1406(a) it is hereby ORDERED that the case is TRANSFERRED to the District of Massachusetts. Signed by Judge Timothy J. Kelly on 2/8/2022. (lctjk3) Modified to correct citation error on 2/8/2022 (zkh). (Entered: 02/08/2022) |