UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PRECIOUS OKEREKE
        Plaintiff,

v.                                          CIVIL ACTION NO. 22-cv-10328-LTS

ALLIED UNIVERSAL SECURITY
INCORPORATION, PAUL PARENT, and
NEW ENGLAND BAPTIST HOSPITAL,
        Defendants.

ORDER OF DISMISSAL

SOROKIN, D.J.

        Pro se plaintiff Precious Okereke ("Okereke") filed the instant action in the United States District Court for the District of Columbia, which action was transferred to the District of Massachusetts for improper venue. *See* February 8, 2022 Minute Order. Okereke is a prolific and vexatious litigant that has been enjoined in this district since 2012. *See Okereke v. Boston Police Hackney Div.*, CV 11-11626-RWZ, 2012 WL 13176645, at *2–3 (D. Mass. Sept. 19, 2012) ("the Enjoinment Order"). Specifically, in the Enjoinment Order, the Court dismissed Okereke's transferred action and enjoined Okereke from filing further actions without leave of court:

> …Okereke filed a lawsuit in the United States District Court for the Southern District of Indiana. Because the lawsuit names three Massachusetts judges as defendants, <u>the action was transferred to this district</u>. *See Okereke v. Connors, et al.*, C.A. No. 12-10352-NMG (pending). <u>That [transferred] lawsuit and the instant complaint constitute an abuse of the processes of this Court for the administration of justice. It is the cessation of this behavior that the Court seeks to achieve and the most effective means of accomplishing this goal is to enjoin Plaintiff from making any additional filings in this Court without first obtaining permission</u>. *See Castro v. United States*, 775 F.2d 399, 408 (1st Cir. 1985) (per curiam) ("[I]n extreme circumstances involving groundless encroachment upon the limited time and resources of the court and other parties, an injunction barring

a party from filing and processing frivolous and vexatious lawsuits may be appropriate.").

Plaintiff is enjoined from filing any additional or new claims, cases, complaints, or other documents in this Court, in any manner, way or form, without first obtaining the written approval of a judge of this Court. This prohibition will not preclude Plaintiff from exercising any appeal rights she may have in this matter, nor from filing a timely Notice of Appeal.
. . .

Based upon the foregoing, it is hereby ORDERED that:

. . .

2. Plaintiff Precious Okereke is precluded from filing any additional papers, claims, cases, files, complaints, or anything resembling those pleadings, or any other documents in the United States District Court for the District of Massachusetts, in any manner, way or form, without first obtaining the written approval of the Miscellaneous Business Docket Judge of the United States District Court for the District of Massachusetts;

3. If plaintiff Precious Okereke undertakes to file any additional papers in this Court, she shall file a written petition seeking leave of court to do so. The petition must contain a copy of this Memorandum and Order, together with the papers sought to be filed, and a certification under oath that there is a good faith basis for their filing. The Clerk of Court shall accept the documents, mark them received, and forward them to the Miscellaneous Business Docket Judge for action on the petition;

. . .

6. Plaintiff Precious Okereke is advised that failure to comply with these requirements may result in the imposition of additional sanctions, including monetary fines.

*Okereke v. Boston Police Hackney Div.*, CV 11-11626-RWZ, 2012 WL 13176645, at *2–3 (D. Mass. Sept. 19, 2012) (emphasis added).  The Court interprets the phrase "in any manner, way, or form" in the context of a dismissed, transferred action to enjoin exactly what Okereke is doing here: avoidance of the Enjoinment Order by intentionally filing an action in a district court where venue is improper.  Simply put, Okereke cannot do indirectly what she cannot do directly.

2

Judge Stearns similarly ruled in a recent case filed by Okereke, that "Okereke cannot evade the requirements of the enjoinment order by filing her action in a district where venue does not exist. Once her case was transferred from the District of Columbia to the District of Massachusetts, the filing restrictions already imposed by this court attached. Okereke has not asked this court for permission to pursue this action in the District of Massachusetts." *Okereke v. Amazon Incorporation* (sic), 20-cv-11093-RGS, June 30, 2020 Order, ECF No. 11 at 2. In that case, Judge Stearns not only dismissed the action, but also further enjoined Okereke from doing exactly what she did in this action, ordering that "should Okereke file an action in another federal district court that is subsequently transferred to the District of Massachusetts before the issuance of any summons, the clerk shall assign a civil docket number to the transferred case and immediately close the action for failure to comply with the [September 19, 2012] order of enjoinment." Id. at 3.

Accordingly, this action is DISMISSED without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to comply with the Enjoinment Order and separately for failure to comply with Judge Stearns' June 30, 2020 Order. The Clerk is directed to enter a separate order of dismissal. This action is CLOSED.

SO ORDERED.

  March 9, 2022                                       /s/ Leo T. Sorokin
DATE                                                  UNITED STATES DISTRICT JUDGE

3